```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

DEBORAH NICHOLSON              :

   v.                          :
                                      CIVIL ACTION NO.: WDQ-06-1948

MICHAEL J. ASTRUE[1],           :
COMMISSIONER OF SOCIAL
SECURITY                       :

## REPORT AND RECOMMENDATION

Presently pending is the Commissioner's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Paper No. 11). Deborah Nicholson, on behalf of her minor daughter, Evangeline Nicholson ("Claimant"), filed this action seeking judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security ("Commissioner") that Claimant was no longer entitled to SSI benefits due to medical improvement.

The Claimant, who is represented by counsel, filed a Complaint on July 28, 2006. (Paper No. 1). On October 20, 2006, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint. (Paper No. 11). The Plaintiff filed an Answer and Opposition to the Commissioner's Motion to Dismiss on November 13, 2006.(Paper No. 14). The Defendant filed a Reply in support of the Motion to Dismiss on November 27, 2006. (Paper No. 15). Pursuant to 28 U.S.C. § 636(c) and Local Rule 301 this case was referred to me to issue

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1)of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for the Commissioner Jo Anne B. Barnhart as the Defendant in this suit pursuant to section 205(g) of the Social Security Act, 42 USC §405(g).

a Report and Recommendation. ("Report") (Paper No. 16).  For the reasons that follow,  I recommend that upon expiration of the time in which the parties have to file objections, the Commissioner's Motion to Dismiss Plaintiff's Complaint be GRANTED.  No hearing is deemed necessary. Local Rule 105.6.

## BACKGROUND

On August 23, 1999, the SSA determined that Claimant was eligible for Supplemental Security Income ("SSI") benefits.  On June 17, 2002 Claimant was notified that the Agency was conducting a continuing disability review. Exh. 1, Defendant's Motion.  On March 14, 2003, Claimant was notified that the Agency had determined that she no longer qualified for SSI benefits. Exh. 6, Def. Motion.  Claimant timely requested reconsideration of the decision to terminate disability benefits. Exh. 2, Def. Motion.  On September 9, 2003, the Agency notified Claimant that upon reconsideration, it had determined that she was no longer eligible for benefits. Exh. 9, Def. Motion. On September 12, 2003, Claimant requested a hearing before an Administrative Law Judge. A hearing was scheduled for February 27, 2004 which was continued by notice dated August 27, 2004.  Claimant was notified that her hearing was continued until October 20, 2004.   On October 19, 2004, the Claimant contacted the ALJ and requested another continuance. Her request was denied by ALJ William Clark. Exh. 3, Def. Motion.  At the October 20, 2004 hearing Claimant executed a "withdrawal of hearing request" and post dated it to December 20, 2004, which was the deadline that the ALJ gave her to retain counsel. *See*

2

Plaintiff's Answer, ¶5.

On December 16, 2004, Alan J. Nuta, Esquire entered his appearance on behalf of Claimant. Exh. 5., Def. Motion.  In correspondence dated May 3, 2005, Mr. Nuta withdrew his appearance and directed the Agency to forward all future correspondence directly to Claimant. *Id*.  On August 23, 2005, the ALJ entered an Order dismissing Claimant's request for hearing. In his Order, the ALJ cited the withdrawal of hearing request that Ms. Nicholson previously signed, and stated, in relevant part:

> "[C]laimant signed a document (Exhibit 64) withdrawing her request for hearing, which form was to be held in abeyance pending efforts to secure representation. While an attorney subsequently briefly entered an appearance in this case, such representation was withdrawn by letter dated May 3, 2005(Exhibit 63). No further word in these intervening three months has been received from or on behalf of the Claimant regarding a desire to proceed with this appeal. Accordingly, the Claimant's withdrawal document is hereby made effective December 20, 2004, as agreed by this minor Claimant via her mother." Exh.7, Def Motion.

On October 25, 2005, Claimant requested review of the ALJ's Order dismissing her request for hearing stating, *inter alia*, that she could not afford an attorney. Exh. 8, Def. Motion.  On May 25, 2006, the Appeals Council denied Claimant's request for review of the ALJ's dismissal. Exh. 10, Def. Motion.  The Claimant filed a Complaint with this Court on July 28, 2006. (Paper No. 1).

## **DISCUSSION**

The Commissioner argues that the Court lacks subject matter jurisdiction in this case because there was no hearing held and therefore no "final decision" was made by the Secretary pursuant to

3

42 U.S.C.§405(g).

42 U.S.C. § 405(g) clearly limits judicial review to "a final decision of the Secretary made **after a hearing**". *Califano v. Sanders*, 430 U.S. 99, 108 (1977)(emphasis added).  There is an exception to the jurisdictional bar which comes into play when the Claimant presents a colorable constitutional claim. *Id*. at 109.  In this case, there is no dispute that there was no hearing or "final decision" by the Agency.  Rather, the Claimant's request for hearing was dismissed by the ALJ pursuant to Claimant's Withdrawal of Hearing Request. Exh. 7, Def. Motion.

For the reasons that follow, I agree with the Commissioner that in this case Ms. Nicholson has not exhausted her administrative remedies which is a prerequisite to seeking relief from this Court. *Califano,* 430 U.S. 99, 103 n.3.  While in certain circumstances courts may excuse a claimant from exhausting administrative remedies, Ms. Nicholson has not alleged any permissible basis for waiver of the exhaustion requirement. *Heckler v. Ringer*, 466 U.S. 602 (1984)(waiver of exhaustion appropriate when plaintiff's assertion is wholly collateral to claim for benefits--and plaintiff makes a colorable showing that injury cannot be remedied by the retroactive payment of benefits).

In Claimant's Answer to the Motion to Dismiss she argues that the ALJ's Order of dismissal was an arbitrary decision, and that the Notice of Dismissal was inadequate since it did not inform Claimant that she had the right to request the ALJ to vacate his Order of dismissal pursuant to 20 CFR §416.1460.

None of the Claimant's arguments rise to the level of a colorable constitutional claim conferring jurisdiction for this Court to review the administrative proceedings.  A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992). Further, the Supreme Court has not recognized a constitutional right to counsel at an SSA hearing. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). Finally, the ALJ's Notice of Dismissal was not deficient.  Claimant cites no statute or case to support her argument that the ALJ must include in the Notice of Dismissal notice that a Claimant has the right to request that the ALJ vacate the dismissal order prior to any appeal to the Appeals Council.  To the contrary, the pertinent regulation provides as follows:

> §416.1458 **Notice of dismissal of a request for a hearing before an administrative law judge**. We shall mail a written notice of the dismissal of the hearing to all parties at their last known address. The notice will state that there is a right to request that the Appeals Council vacate the dismissal action.

20 CFR §416.1458(emphasis in original).

The ALJ's Notice of Dismissal complied with this Regulation. Exh. 7, Def. Motion.  Nowhere does the governing Regulation impose a duty to notify the Claimant that she has a "right" to ask the ALJ, as opposed to the Appeals Council, to vacate his or her decision.

Therefore, because the Claimant has not established the existence of a colorable constitutional claim, she has not identified a basis for this Court to have subject matter jurisdiction to hear

her appeal. Accordingly I recommend that upon expiration of the time in which the parties have to file objections, the Defendant's Motion to Dismiss, be GRANTED.

DATED: ___3/6/07_____          ___/s/_____
                                 Paul W. Grimm
                                 United States Magistrate Judge

6